FILED & JUDGMENT ENTERED
David E. Weich

Jan 12 2007

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CABRERA, JOSE
CABRERA, MARIBEL              )         CASE NO.   03-30934
                              )
Debtor(s)                     )         Chapter 13
                              )
JOSE CABRERA AND MARIBEL      )
CABRERA,                      )
                              )
    Plaintiffs,               )
                              )
v.                            )
                              )         Adv. Proc. No.:  04-03234
HOME LOAN CORPORATION d/b/a   )
EXPANDED MORTGAGE CREDIT;     )
SELECT PORTFOLIO SERVICES, INC., )
f/k/a/ FAIRBANKS CAPITAL      )
CORPORATION, BANK OF NEW YORK, )
TRUST U/A dated 12/1/01; CAPITAL )
CONVERSIONS CORPORATION;      )
FAMILY MORTGAGE GROUP, INC.;  )
ROBERT CONCHA; and EVERETT    )
DALE FRAZIER,                 )

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on the Motions for Summary Judgment of Select Portfolio

Servicing, Inc. ("SPS"), and Bank of New York, Trust dated 12/1/01 ("Bank of New York as

Trustee") and the plaintiffs' responses thereto.  After consideration of the pleadings, affidavits

4836-8244-1729.01

and the arguments of counsel, the Court concludes that the defendants' Motions for Summary Judgment should be granted on the basis that the relevant statutes of limitations are a bar to all of the plaintiffs' claims.

## UNDISPUTED FACTS

1. On October 23, 2000, the plaintiffs obtained a loan from Home Loan Corporation d/b/a Expanded Mortgage Credit ("HLC") in the amount of $101,650.00, secured by a mortgage on their residence. The mortgage loan refinanced two prior mortgages on the plaintiffs' home.

2. In connection with the mortgage loan transaction, HLC charged or collected the following fees from the plaintiffs, which are reflected on the U.S. Department of Housing and Urban Development Settlement Statement:

| | |
|---|---|
| **Loan Origination Fee** | **$599.00** |
| **Settlement Fee** | **$450.00** |
| **Appraisal Fee** | **$550.00** |
| **Recording Fee** | **$32.00** |
| **Title Insurance Premium** | **$203.75** |

These fees were financed by the mortgage loan.

3. EquiCredit Corporation of America ("EquiCredit") later acquired the loan. EquiCredit then transferred the loan to EQCC Receivable Corporation ("EQCC") on January 1, 2002, which in turn transferred the loan to Bank of New York as Trustee.

4. SPS is the agent for Bank of New York as Trustee and servicer of the note and deed of trust.

5. The plaintiffs filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on March 13, 2003, and filed this adversary proceeding on October 25, 2004. A summons was issued on October 27, 2004.

6. In their Complaint, the plaintiffs allege that HLC violated North Carolina usury laws N.C. Gen. Stat. § 24 et seq. at the time it originated the loan to the plaintiffs by (a)

2

including a usurious late fee provision in the promissory note; (b) charging and collecting fees for non bona fide services; and (c) engaging in the practice of "flipping". Plaintiffs assert that these acts constitute unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. Plaintiffs contend that Bank of New York as Trustee and SPS are liable on these same claims as "assignees and/or owners of the mortgage loan," and they argue that Bank of New York as Trustee and SPS are liable for reformation of the loan terms.

7.   The defendants argue that plaintiffs' claims are barred by the applicable statutes of limitation and, therefore, defendants are entitled to summary judgment pursuant to Rule 56. Pursuant to N.C. Gen. Stat. § 1-53(2) and (3), claims for usury are subject to a two-year statute of limitations. Claims for violations of Chapter 75 are subject to a four-year statute of limitations under N.C. Gen. Stat. § 75-16.2. The actions which are the subject of plaintiffs' Complaint occurred on October 23, 2000. The plaintiffs did not file their Complaint until more than four years later on October 25, 2004. Thus, it would appear from the face of the Complaint that plaintiffs' claims are barred by the applicable statutes of limitation.

8.   The plaintiffs argue that the statute of limitations should be tolled because they do not speak or read English. This position is contrary to existing case law. The statute of limitations for the claims against these defendants began to run on the date of the closing.

## CONCLUSIONS OF LAW

9.   In <u>Faircloth v. Nat'l Home Loan Corp.</u>, 313 F. Supp. 2d. 544 (M.D.N.C. 2003), *aff'd,* 87 Fed. Appx. 314 (4th Cir. 2004) (unpublished), the plaintiff obtained a loan secured by a second mortgage on July 8, 1997. The originator of the loan charged the plaintiff $3,284.50 in fees and costs at the loan closing and rolled them into the loan. On November 26, 2001, over four years after the loan closed, the plaintiff filed suit against the loan originator, National, and

3

other financial institutions, alleging the defendants violated the North Carolina usury laws, N.C. Gen. Stat. § 24-1 *et seq.* by charging usurious fees and costs. The plaintiff also alleged violations of N.C. Gen. Stat. § 75-1 *et seq.* See Faircloth, 313 F. Supp. 2d at 548. The District Court held that the plaintiff's usury claims were time-barred under N.C. Gen. Stat. § 1-53(2), 1-53(3) because the plaintiff filed her complaint four years after she was allegedly charged usurious fees and costs. See id. at 553.

10. Relying on the reasoning in Miller v. Pac. Shore Funding, 224 F. Supp. 2d 977, 990 (D. Md. 2002), the District Court in Faircloth held that plaintiff's usury claims were time barred because the statute of limitations began to run on the date of closing – the date on which the plaintiff was allegedly charged illegal fees and costs – because that was the date on which the plaintiff became aware of the alleged wrongdoing. Faircloth, at 313 F. Supp. 2d at 553. Similarly, the District Court held that the plaintiff's claims under Chapter 75 of the North Carolina General Statutes were also time-barred because the plaintiff "'should have discovered'" that she might have a claim under the Unfair and Deceptive Trade Practices Act on the date of closing, which had occurred more than four years ago. See id. at 554. The Fourth Circuit Court of Appeals affirmed the District Court's rulings on appeal. See 87 Fed. Appx. 314 (4th Cir. 2004) (unpublished).

11. The North Carolina Supreme Court considered this same issue in Shepard v. Ocwen Federal Bank, FSB, 2006 N.C. LEXIS 1327 (Dec. 20, 2006), and relied upon the analysis in Faircloth in holding that the loan closing date was the date plaintiffs' usury claim accrued. See also Skinner v. Preferred Credit, 172 N.C. App. 407, 616 S.E.2d 676 (2005) (holding that the statute of limitations on plaintiffs' claims for usury violations and unfair and deceptive trade

4

practices accrued on the date of closing), *aff'd on other grounds* 2006 N.C. LEXIS 1328 (Dec. 20, 2006).

12.     This Court agrees with the analysis in the above-cited cases and holds that October 23, 2000, the loan closing date, was the date on which the plaintiffs' claims accrued under the usury statutes and the Unfair and Deceptive Trade Practices Act.  Because the plaintiffs did not file their Complaint until more than four years later, these claims are barred under the applicable statutes of limitation.

13.     The court rejects the plaintiffs' claim that the statute of limitations has not run because their claim is one for recoupment.  Plaintiffs' complaint does not assert recoupment.  In addition, recoupment is in the nature of a defense and not an affirmative claim for relief.  See Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700-701 (1935) (holding that the defense of recoupment is "never barred by the statute of limitations so long as the main action itself is timely"); see also In re Al-Jiboury, 344 B.R. 218, 227 (Bankr. D. Mass. 2006) (observing that "[r]ecoupment is a defensive mechanism, which does not seek affirmative relief but merely seeks to reduce the claim by the entity who seeks recoupment").

14.     The Court also notes that even if the claims were not barred by the statutes of limitations, it does not appear that the claims have merit because neither an assignee nor a servicer could be held responsible for the claims asserted by the plaintiffs.

It is therefore **ORDERED** that:

1.      The Motion for Summary Judgment of SPS and Bank of New York as Trustee is hereby GRANTED;

5

4836-8244-1729.01

    2.      Plaintiffs' Complaint against defendants SPS and Bank of New York as Trustee is DISMISSED.

| | |
|---|---|
| This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |

4836-8244-1729.01